et al. Arguments not to exceed 15 minutes per side. Mr. Clark, you may proceed for the appellant. Good morning, your honors. May it please the court, Wesley Clark for Fabian Formosa. In 1988, which happens to be the year I was born, Formosa was convicted of three counts of aggravated rape. And he was sentenced to some serious punishment. 25 years. Three 25-year concurrent sentences. He served out those sentences. And along the way, Tennessee decided that 25 years wasn't enough for offenders like Mr. Formosa. And it began to heap additional burdens, restrictions, and punishments, ultimately, on to sex offenders like Mr. Formosa such that the Sex Offender Registry has expanded into a Byzantine code that governs in minute detail Mr. Formosa's daily life. Now, in March of 2022, Mr. Formosa was arrested in Dixon County, Tennessee's Sex Offender Registry. He's charged in General Sessions Court. Shortly thereafter, we file this lawsuit. We amend the lawsuit. A motion to dismiss is ultimately granted on younger abstention grounds. And as we stand here today, Mr. Formosa remains under the limbo of prosecution. The General Sessions Court in Dixon County found probable cause, yet they have not yet indicted Mr. Formosa, which is exceedingly unusual given the length of time. Probable cause was found back in July of last year. And as of yesterday, I checked with the clerk's office, and he's still not been indicted. So the case in controversy is still alive. Mr. Formosa claims that... Isn't the substantive kind of challenge, the ex post facto challenge, that has been litigated in federal court, right? Relentlessly. And the unanimous opinion of every single district judge in the state of Tennessee to entertain such a challenge has found there's one fact that matters. But it hasn't been... This court hasn't decided it yet. Not yet. And this court has a case... Presumably our decision will have some impact whenever that happens. Yes, Your Honor. There is also another case that involves the same defendants, the same attorney, the same issue, except there's no younger problem in that case that is pending before this court right now. And certainly this court could overturn all of those district court opinions, but their reasoning is very sound and they're founded on the analysis from this court's opinion in Adobe-Snyder, where the Michigan Sex Offender Registration Act was found under the Martinez-Mendoza factors to constitute ex post facto punishment. That analysis has been imported wholesale into the district court's reasoning for Tennessee's Sex Offender Registration Act. So at least as we stand here today in the Middle District of Tennessee, there's no question... Is it possible that the state is waiting to see what the ruling might be someday? Certainly. That's certainly possible, yet these same defendants represented by the same lawyer have been enjoined by a final order that pertains to a plaintiff identically situated to Mr. Formosa. Tennessee is paying out... There was a news story about it, hundreds of thousands of dollars in attorney's fees, no small part of that to counsel here today, but in defending these sex offender cases where it's clear, the district court has said over and over, if someone was convicted before there was ever a registry, you cannot enforce any part of this act against them. And yet, these same defendants that are under an injunction for that... I'm sorry, but the injunction only applies to the litigant in that case, right? Yes, absolutely. And that's why Mr. Formosa's case doesn't exactly fit neatly into any one box. And that's why really the best claim he has is the extraordinary circumstance exception to the statute. And the Mulholland case out of the 7th Circuit really hits on all of these issues where in Mulholland there was a statute that had been declared facially unconstitutional, the anti-slating statute. That was an injunction entered in a separate case, but it was entered against the same defendants. And so while the injunction was not binding, the defendants were not violating that injunction, it lessened the equitable concerns that undergird Younger. And it persuaded the 7th Circuit to hold that essentially where the same circumstances, just different plaintiffs, same defendants, a federal court has already spoken, a federal court has already enjoined them from that conduct, we have the extraordinary circumstances exception to Younger. And the language of Younger, it's necessary to look at what we're talking about here. Yes, there is a three-factor analysis and I will concede that essentially there is no procedural bar to Mr. Formosa raising these claims in Tennessee's state courts. Well, isn't that the question? Some of the cases talk about whether you have to have a procedural bar. Some of the cases drop the procedural language and talk about effectively being barred. So why would you say, what would you call the test? I would call the test for the third element of Younger, I would submit the defendants have it right. They have the better of that argument. And they don't have the better argument on the extraordinary circumstances. Because the extraordinary circumstances exception, once we have those three elements met, the first two have already been conceded and, you know, sometimes I read a brief and I'm convinced. Read their brief, I think they're right about that third Younger factor. So let's move on and apply all the same arguments, which I have, to the extraordinary circumstances exception. And this court in 1980 found in Parker v. Turner that essentially where Tennessee appellate courts are unable or unwilling to protect a constitutional right, and they've demonstrated that, such can constitute an extraordinary circumstance. So that's one very significant weight Mr. Formosa has in his basket because the body of Tennessee state precedent is overwhelming, uninterrupted, and in stark contrast to those district court opinions finding retroactive SORA to violate the ex post facto clause. And the judicially noticed... I mean, are you saying they're acting in bad faith? No. I'm saying that they are acting in a way that they're on notice violates the ex post facto clause. The law itself facially is enforceable. Don't they have a right to appeal that, you know, to get the Sixth Circuit word on it? I'm sorry? Don't they have a right to get a decision from this court on the substance of these district court rulings, whether it is or isn't an ex post facto violation? If they have such a right, I believe that is not necessarily material or relevant to the dispositive question of whether or not an extraordinary circumstance exists. And the extraordinary circumstance here, again, it's demonstrated by the futility, which was referenced in Parker v. Turner. Futility of the resort to state courts. And this doesn't arise in a vacuum. Many other cases have been litigated against these defendants identically situated to Mr. Formosa, and they continue to enforce this law against him. So why should my client have to be punished every day while they decide when they would like to get this court's opinion on whether or not the district court has been wrong every single time it has addressed this issue? But why, just going to Judge White's question, they don't have a ruling from this court. So what are they supposed to do? Just kind of give up? And then if we go their way, go back and, I mean, I'm confused, I guess. They're just pursuing their rights in litigation. If they lose in our court, and then continue to enforce the law, then it seems like they might have a problem, although, you know, who knows? Well, they might have a different kind of problem altogether, but we're just addressing the context of whether Mr. Formosa's circumstances are extraordinary. And those are very reasonable legal positions to take in terms of how the state wants to handle its litigation, but in the context of the analysis for the extraordinary circumstances exception, again, futility of resort to state courts has been articulated by this court as a sufficient basis, and Mr. Formosa has more than that. Okay. I know this is an old case, but Hoffman v. Pursue, where it was a nuisance case, and I think the court said that futility does not mean that the writing is on the wall. Yes, Your Honor. As I'm looking here, it appears that case was sodded by the defendants. Again, in that analysis of whether Younger applies, and again, procedure of bars only, that is the law for whether or not the third factor of Younger is met. But even once that third factor is satisfied, we start over with a new set of questions. And the Supreme Court, nor the Sixth Circuit, have set forth an exhaustive list of what qualifies as an extraordinary circumstance. There are examples, and the closest one would be Parker v. Turner, where at least the court is hypothesizing about how futility could constitute an extraordinary circumstance. So that would be the biggest distinction I'd like to make, that the analysis of futility is irrelevant to the question of extraordinary circumstances. Sorry, the third prong, it's very relevant to the extraordinary circumstance. Third prong is procedural only. Okay. It seems to me that the State, it might very well be waiting. And if it is, doesn't that cut against you in the sense that the State is waiting to see what the federal courts say from a dispositive standpoint? I'm unaware of any precedent that would support that argument, and the logic would seem to be strange whenever we consider that, let's assume for certain that what they're doing is absolutely egregious and outrageous. And would it be valid for the State to continue to inflict that egregious conduct on the citizens of Tennessee until they sue the State one by one, simply because the State chooses not to appeal? Because they lose every case, the plaintiffs aren't going to appeal. So why would they be able to continue to inflict punishments solely by virtue of their own delay in appealing unfavorable court opinions? They thought they did appeal it. Well, they have appealed, yes, one case now. It's been years this has been going on. Is the exception, the unusual circumstances exception that you want to rely on, isn't the case law out there in your favor that there is a remedy because the injury is irretrievable? Yes, and thank you, I got a little derailed. Isn't that a difference? How is your injury absolutely irreparable? It's not like pretrial detention. Once you've been detained, you can't fix it. But here, here it is. You can fix yours, right? Mr. Formosa cannot fix his, no matter what. But it is not irretrievable because when he ultimately takes his case all the way up, then prospective relief is all he asks for. Then prospectively he will be protected. Is that not an important distinction? Well, that prospective relief has been denied because the case has been dismissed. And the prospective relief was dated to the day he filed his complaint in federal court, which was over a year ago. It was dismissed without prejudice. You know, I understand. And that's this irretrievability kind of concept. And I'm struggling with how you can place yourself in the location of somebody who served pretrial detention, and you're never going to get that back. But for him, he has made his pleading to be prospective. And so if you went, if you took, let's say you won, and you went all the way up through that state court, you got Dixon to act, and then you appealed to the state Supreme Court, likely we know what will happen. You went on to the United States Supreme Court. If you won there, wouldn't you have prospective relief as requested? The relief requested was prospective, dated to a particular day, March, I forget what day it was. Yes, I know. Yes. But you've already, the other is irretrievable because you didn't have the impact of Sora until much later after he even served his time. Well, I would contend it's very similar to pretrial detention. He filed this lawsuit very shortly after he was arrested, in the same way that someone who's subject to pretrial detention begins losing their rights, their freedoms, their... He's not been detained, right? He's not been detained, but he's being punished right now. He's been punished back in March. He's being punished every single day, every single day, no matter what. By the restrictions. Yes, and those restrictions exceed the scope of the authority of Tennessee's criminal courts to even entertain the relief he's requesting. There's on-point case law from Tennessee's criminal courts setting that out. Additionally, even if he wins every issue that he can raise in Tennessee's criminal courts, he's still going to walk out of there subject to these same punishments, the same restrictions that he has on his life today. That again, those are very much like the Fifth Amendment right to protection from double jeopardy. It's something that is occurring right now during the pendency of his criminal case. Just like pretrial detention, it's occurring right now during the pendency of the case. It doesn't matter what the outcome is, the punishment that's inflicted on Formosa happens today, happens March 22nd, I believe, of 2022, and happens the day after there's a judgment in the criminal case. It's outside the scope of what's possible to resolve there. I think you'll have your rebuttal time. Thank you. Good morning, Your Honors. Cody Brandon from the Tennessee Attorney General's Office here on behalf of Governor Lee and Director Rauch, we respectfully request that this Court affirm the dismissal of Mr. Formosa's complaint without prejudice. This case falls squarely within the Younger Abstention Doctrine because as Mr. Clark has now conceded, Mr. Formosa has an adequate opportunity to present his constitutional claim in the Tennessee criminal proceedings and Mr. Formosa has not established extraordinary circumstances that justify it. We know he's going to lose in Tennessee, right, unless there's a change in the Tennessee courts, right? Yes, Your Honor. The Tennessee Supreme Court, of course, is more than capable of finding either that facts have changed since its decision in Ward or that it's going to revisit the reasoning of its decision in Ward. So the Tennessee Supreme Court could certainly afford Mr. Formosa a win on his constitutional claim. So you're saying the writing isn't on the wall? I don't think so, no, Your Honor. Certainly Mr. Formosa faces, I'll acknowledge, a difficult climb, uphill climb in the Tennessee state proceedings. But the focus of the Younger Abstention Doctrine is to give the state courts an opportunity to address that constitutional claim first. How do you, okay, let's say he goes to the Tennessee court system and he loses, then what? He obviously has resort still to the federal system through a petition for writ of certiorari to the United States Supreme Court. After the conclusion of a state criminal proceedings, still has the opportunity because of the dismissal was without prejudice here, to file suit in federal court seeking relief from the perspective. Won't our rules at that point require that he file a habeas petition? Because he's effectively challenging part of the sentence. I think only, Your Honor, if he was attacking the conviction and sentence, if Mr. Formosa at that point requests all that he requests today, which is only prospective relief not tied to any of the acts committed in the past, he could still seek that prospective relief through a 1983 action in the future. He will have been convicted at that point of violating SORA, not the underlying offense but SORA, right? Yes, Your Honor, presuming he loses, yes, Your Honor. So isn't the only way to get out from under that habeas? The only way to get out from under the conviction, I believe so, Your Honor, yes, either appeal, of course, from the Tennessee Supreme Court to the United States Supreme Court or through habeas resort to the federal district court challenging his conviction. And again, Your Honor, in Mr. Formosa's current complaint, the one that was dismissed by the district court, he does not seek any alteration of the ongoing criminal proceedings. Because he was trying to avoid younger. Yes, he was, Your Honor, yes. I do want to, before turning to the extraordinary circumstances exception, I do want to offer, Mr. Clark has pointed out that criminal proceedings remain pending against Mr. Formosa in Tennessee criminal courts. As Your Honor's question suggested, that one reasonable explanation is that the prosecutors in that case may be waiting for this court's decision in the Doe's one through nine appeal, which of course is pending. Another reasonable explanation is that the exact negative effects of federal court litigation that's parallel to state criminal proceedings is occurring in Mr. Formosa's case. That his attempt to seek injunctive relief in federal court and his further appeal to this court has cast a shadow over the state criminal proceedings and the prosecutor is unwilling to proceed with charges while Mr. Formosa himself is a party to federal court proceedings. Under either circumstance, again, there's no indication, and Mr. Clark has conceded again today, that there's no evidence of bad faith or harassment that justifies the, that would establish the recognized extraordinary circumstances exceptions to the Younger Doctrine. So Mr. Formosa's argument on appeal, success requires him to convince this court to adopt a new extraordinary circumstances exception to the Younger Abstention Doctrine, and he's failed to put on the proof that would justify a departure from the doctrine of abstention here. Would he have the capacity to bring a separate lawsuit for the portions of SORA on which he is not being prosecuted in the Dixon case? Possibly, Your Honor. I think it would depend on the claim presented by the lawsuit. The focus of the Younger Abstention Doctrine is the claim that's presented, not necessarily the relief that's requested. So if the claim is an ex post facto challenge that he could present in the state criminal proceedings, I think Younger would require abstention. But if the claim... Does Younger require abstention as to the entirety of the provisions of SORNA or only those provisions for which he is currently at risk and being charged? I think Younger would require, Your Honor, Mr. Formosa to establish that the claim he's presenting to the federal court could not be presented to the state court. So if Formosa was able to give unambiguous authority to this court, as the Supreme Court has required, that his challenge to specific provisions of the act which are unrelated to his criminal prosecutions were something that he was procedurally barred from presenting to the Tennessee state courts, then he could present that claim to the federal courts. How would he have standing to challenge something that he's not subject to? I think that would certainly be a question Mr. Formosa would have to establish. In a federal proceeding, he would have to establish standing to challenge those additional requirements. I took Judge Tranche's question to be, if he was subject to certain requirements of the act, but those requirements weren't the focus of a criminal prosecution, or were not the charge. Which is where you begin to have the competing interests, isn't it? Where he's actually charged and the state is adjudicating, but what if he has the ability to say, I'm subject to SORNA, but nobody is prosecuting me in the state court for this portion of SORNA, and I want to challenge those because they constrict my liberty. I think it would, again, turn on the nature of the claim presented to the federal district court. If Mr. Formosa could present a claim challenging those specific requirements that are applicable to him, but not being charged in the state criminal proceedings, if he could show that the Tennessee state courts, as a procedural matter, would bar presentation of that claim, he could certainly present it to the federal district courts. But if it's an ex post facto argument, take that as part of the hypothetical. Yes, Your Honor. Again, Why would it depend? I'm curious why you're saying that it would depend on the claim. If the consequence would be to nullify the prosecution, and the prosecution is pending, I'm curious why you think he might be able to do an NRO. I'm not confident that he could, Your Honor. I guess my point only is that if Mr. Formosa presented an ex post facto claim, say to other requirements that are not charged, he would be tasked with presenting unambiguous authority to the district court that a procedural bar... So if he filed a separate, he's not making this argument here, obviously, but if he filed a separate lawsuit and said there are these three things that I am possibly subject to, enough that I'm injured and could establish standing, I am not subject to a current criminal proceeding involving those three things. Therefore, younger doesn't apply because the presumption of younger is there's a pending state criminal proceeding. So I'm going to challenge these three things, and I have standing, then you wouldn't have a younger, I assume, because you couldn't point to a pending, even though the theory of ex post facto is being litigated in another criminal proceeding, there is not one for the three things that he is challenging. I think I'd add the qualification, Your Honor, that if that claim could be presented, as we stand today, Mr. Formosa has presented no authority to this court or the district court that a Tennessee state court in a criminal proceeding will refuse to consider a challenge to requirements of SORA on the whole in consideration of an ex post facto claim, even as applied to a specific criminal proceeding. Well, what I'm saying is more basic. What if there's no pending criminal case that is seeking to impose those, is trying to punish him for not complying with these three out of ten requirements? These three are not the ones that the state is saying he violated. Okay? So he says, because you aren't prosecuting me for those, I can file a 1983 on those. As applied challenge to those three that I might be subject to, so it's imminent or I'm in fear or whatever that we'd have to go through Susan B. Anthony or something for standing, and then that case, why wouldn't that case be allowed to go forward? It might be allowed. Again, not this case, I don't think, because I don't hear them making that argument, but perhaps it would be if they filed a different case. It certainly might be, and I guess I hesitate to give a firm answer on that without knowing, having the presentation. Again, it's the plaintiff's burden to establish that there's no procedural bar. But there's no doctrine that would say, like, there's no doctrine that says, legally, the ex post facto argument is no different in the hypothetical case that I'm positing and the case that we have today where he is perhaps going to be prosecuted. So he can litigate. The fact that it's legally not a distinct argument doesn't, wouldn't necessarily bar him from bringing the separate action, right? Because there is no technically separate criminal proceeding that would call for Younger to be invoked. Does that make any sense? I'm just saying, I don't think that the fact that the legal arguments are the same wouldn't give you an abstention defense. I think you'd have to formalistically have the pending criminal proceeding. Yes, Your Honor. I think there'd have to be, for the defendants in that hypothetical case to have an abstention defense. There'd have to be a pending criminal proceeding where the claim that's brought in the federal litigation could be presented to the same court. And so without those circumstances, Mr. Formosa could proceed in that suit. That's of course not what we have. Why does the fact that the court has simply said, you will never win, ever, on this whole constellation of claims, why isn't that extraordinary circumstances? Your Honor, the, first Your Honor, I guess the Tennessee Supreme Court has not necessarily said you'll never win, ever, on this constellation of circumstances. But even taking that further. That's fair. There's some distinction with Ward, but I think there's a pretty significant track record in the courts that say, we're not going to do this. Of course, Your Honor. We've got three new ones, and I'm sure there will be more. Yes, Your Honor. So what does it take to meet extraordinary circumstances? I think we have to look at the examples that are recognized already by the United States Supreme Court. Bad faith and harassment, of course, are recognized exceptions. Mr. Formosa doesn't present those here. Other circuits have recognized a complete inability of the tribunal to fairly decide a constitutional question. So in one instance, a tribunal that there's evidence presented by the plaintiff that they're so overwhelmed by personal interest and conflicts of interest that the tribunal is inadequately prepared to address constitutional questions and incapable of deciding those fairly. All just malfunctions. You're talking about malfunctions of the judicial system. Correct, Your Honor. And that's consistent with the focus of younger and follow-up cases, Penn's Oil and more, on whether there's a procedural avenue to present the claim. The Supreme Court has been clear that the federal courts are not to pick cases where plaintiffs can come into court or not come into court based on the merits of their claim. Disagreement with the state courts about the merits of their claim, which is what Mr. Formosa's futility argument is, is that the federal district courts have disagreed with the merits decisions of the Tennessee appellate courts and the Tennessee Supreme Court and that therefore because the federal courts are more favorable for him to him, that he's more likely to succeed in federal court. He should be allowed into federal court. Is there a line between those cases that just say the state court is inhospitable versus the state court is absolutely established its law in a way that I cannot understand and I cannot possibly win? I don't think that's where the courts have drawn the line with respect to younger abstention as to whether a claim is unlikely or definitely not going to succeed in state court. The question is... Definitely not able to succeed in state court is not a functional, unusual circumstance. No, Your Honor. Do you think the Supreme Court of the state can say you are never going to win? This is a distinguishable case. Maybe Ward doesn't apply here. None of the excuses, but flat out, no. You're never going to get that in this state and that would still be inadequate because it's a merits issue. Yes, Your Honor. Not a procedural. When does it become a procedural bar? I think, Your Honor, if there's something in the, for instance, if the Tennessee Supreme Court or the rules of criminal procedure said that these claims can't be presented in Tennessee criminal proceedings, that it's not a claim that there's a device for asserting that claim in Tennessee criminal proceedings, that would be a procedural bar. But so long as the state courts address the question on the merits, the fact that a federal court has come to a different merits conclusion does not upset the balance struck by Younger. And it's important to remember that there's still, again, opportunity to resort to the federal courts, either before initiation of the state criminal proceedings, ex parte Young. What is the initiation of the state proceedings? Charges, I believe, Your Honor.  Yes, Your Honor. I think that's what the case law bears out. So either before charges... He's been charged. Yes, Your Honor. Initiate the federal suit before commencement of the proceedings. Again, recourse to the United States Supreme Court if he's unsuccessful in the merits of his claims. And then after completion of the criminal proceedings, he can return to federal court because, again, the dismissal is just without prejudice of Mr. Formos' claims. Thank you. With that over your time, are there further questions? Do you think if he is convicted for violating SORA, then he can go back in a 1983 claim and challenge that conviction? Not the conviction, Your Honor. I think that would be in habeas. Okay. Yes, Your Honor. Thank you, Your Honor. Thank you. Your Honors, let me begin just in a way of clarification. The passage of time, what's happened in the criminal case with the delay, and a conversation I had with David Elliott, the detective, has made clear to me that this case has interfered with his prosecution. Mr. Formosa is not being prosecuted because they are taking a wait-and-see attitude toward this case according to the person who swore out the warrants. So that's one. And two, the district court found that Mr. Formosa's instant amended complaint still completely violates younger abstention because, in essence, it would interfere with the criminal process so the first three factors are met and no exception applies. As I stand here today, I believe the first three factors for whether or not younger applies, they are satisfied. But again, getting back to this extraordinary circumstances exception, it is extremely important to note that the state wants to force the procedural bar issue into that analysis where it does not belong. That's where the futility of the state courts comes in. And younger says the accused should first set up and rely on his defense in state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection. So we have the Tennessee Supreme Court on August 3, 2022, entertaining and rejecting an ex post facto challenge to enforcement of the Tennessee Sex Offender Registration Act. That was during the pendency of this motion. The case is cited in my brief, State v. Robert Atwell, and the Rule 11 applications contained there as well. So Tennessee's appellate courts have provided this data that is required to be considered by West v. American Telephone Company. And the district court really erred in conjuring its own analysis of Ward to support the theory that the Tennessee Supreme Court, if only it were asked, would do the right thing. And it has been asked. And it will not entertain this challenge. And I do not agree that Mr. Formosa could bring a challenge to any other provision of the act without bringing the whole thing into play accordingly. And that's uniformly how Tennessee's federal district courts have treated it. It's one giant thing. And so by tangling with any part of it, he tangles with all of it. And again, that's another reason why he is being punished today, not just because there's a criminal prosecution pending. Even if that's not pending, the district court case law is very clear. The restrictions, the reporting, the obligations constitute punishment. So we have this irretrievable harm that he continues to suffer outside of guilt or innocence in a criminal court. And we have the unwillingness and inability of Tennessee's appellate courts to entertain his claim. There's an extraordinary circumstance. Are there any other questions? No. It's been a real pleasure. Thank you.  Thank you both for your very interesting arguments and briefing on an interesting and contentious subject. The case will be taken under advisement and an opinion issued in due course.